UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>FORT HILL SQUARE ASSOCIATES and<br>FORT HILL SQUARE PHASE 2 ASSOCIATES,<br><br>Debtors. | Chapter 11<br>Case Nos. 04-13855-JNF<br>and 04-13857-JNF<br>Jointly Administered |

## NOTICE OF APPEAL

IP Company, L.L.C. ("IP Company"), the secured creditor of debtors Fort Hill Square Associates and Fort Hill Square Phase 2 Associates (the "Debtors"), appeals under 28 U.S.C. § 158 from the following orders of the Bankruptcy Court, respectively (the "Orders"): (i) the Proceeding Memorandum/Order of Court dated August 18, 2004 [docket no. 418] granting the Second Motion for Authorization of the Permanent Use of Cash Collateral and Granting Replacement Liens, Entry of Scheduling Order Regarding Continued Use of Cash Collateral; and (ii) the Order Granting Second Motion for Authorization of (1) the Permanent Use of Cash Collateral, (2) the Granting of Replacement Liens, (3) Entry of Scheduling Order Regarding Continued Use of Cash Collateral and (4) Additional Relief, dated August 23, 2004 [docket no. 436]. A copy of each of the Orders is attached hereto as Exhibit A.

The names of all parties to the Orders appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1. IP Company, L.L.C., c/o R. Robert Popeo (rrpopeo@mintz.com); Richard E. Mikels (rmikels@mintz.com), Michael S. Gardener (mgardener@mintz.com), Daniel S. Bleck (dbleck@mintz.com), Kevin J. Walsh (kwalsh@mintz.com) and John T. Morrier (jmorrier@mintz.com), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, (617) 542-6000, and

TRA 1926211v1

      Charles R. Dougherty, Epstein, Becker & Green, PC, 111 Huntington Avenue, Boston, MA 02199, (617) 342-4000.

2. Fort Hill Square Associates and Fort Hill Square Phase 2 Associates, c/o Harold B. Murphy, Charles R. Bennett, Jr., and D. Ethan Jeffrey, Hanify & King, P.C., One Beacon Street, 21st Floor, Boston, MA 02108, (617) 423-0400.

3. The Official Committee of Unsecured Creditors of the Debtors, c/o William R. Baldiga and John C. Elstad, Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, MA 02111, (617) 856-8200.

Dated: August 26, 2004

Respectfully submitted,

IP COMPANY, L.L.C.

By its attorneys,

*/s/ Michael S. Gardener*

R. Robert Popeo, BBO No. 403360
Richard E. Mikels, BBO No. 345620
Michael S. Gardener, BBO No. 185040
Kevin J. Walsh, BBO No. 629984
Daniel S. Bleck, BBO No. 560328
John T. Morrier, BBO No. 628624
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Fax: (617) 542-2241

– AND –

Charles R. Dougherty, BBO No. 132260
Epstein, Becker and Green
111 Huntington Avenue
Boston, Massachusetts 02199
Telephone: (617) 342-4000
Fax: (617) 342-4001

2

TRA 1926211v1

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

In Re: Fort Hill Square Associates

Case Number: 04-13855 Ch: 11

**MOVANT/APPLICANT/PARTIES**

#388 Second Motion for Authorization of The Permanent Use of Cash Collateral and Granting Replacement Liens, Entry of Scheduling Order Regarding Continued Use of Cash Collateral.
#397 Limited Objection of LJ Melody & Company. (Escrow Agent)
H. Murphy for Debtor
Bennett J. Murphy for LJ Melody & Company

OUTCOME:

388 ⟨Granted⟩ ___Denied ___Approved ___Sustained
___Denied   Denied without prejudice ___Withdrawn in open court  397 Overruled
___OSC enforced/released
___Continued to:_____ For:_____
___Formal order/stipulation to be submitted by:_____ Date due:_____
___Findings and conclusions dictated at close of hearing incorporated by reference
___Taken under advisement:  Brief(s) due_____  From_____
                            Response(s) due_____ From_____
___Fees allowed in the amount of: $_____ Expenses of: $_____
___No appearance/response by:_____
___DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

A proposed Order shall be submitted. The Court dictated findings of fact and conclusions of law on the record.

IT IS SO NOTED:
_____
Courtroom Deputy

IT IS SO ORDERED:
Joan N. Feeney   Dated: 8/18/04

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) <br> ) <br> ) Chapter 11 |
| FORT HILL SQUARE ASSOCIATES and <br> FORT HILL SQUARE PHASE 2 <br> ASSOCIATES, | ) Case Nos.  04-13855-JNF and <br> )                 04-13857-JNF <br> ) <br> ) (Jointly Administered) |
| Debtors. | ) |

ORDER GRANTING SECOND
MOTION FOR AUTHORIZATION OF (1) THE
PERMANENT USE OF CASH COLLATERAL, (2) THE
GRANTING OF REPLACEMENT LIENS, (3) ENTRY OF
SCHEDULING ORDER REGARDING CONTINUED USE
OF CASH COLLATERAL AND (4) ADDITIONAL RELIEF

This matter having come before this Court on the Debtors' *Second Motion for Authorization of (1) the Permanent Use of Cash Collateral, (2) the Granting of Replacement Liens, (3) Entry of Scheduling Order regarding Continued Use of Cash Collateral and (4) Additional Relief* (the "Second Cash Collateral Motion") and this Court having determined that for the reasons and the legal and factual bases set forth in the a) the findings of fact and conclusions of law dictated at the conclusion of the hearing held on August 18, 2004; b) the *Amended and Corrected Order Granting Final Approval of Use of Cash Collateral and Granting of Adequate Protection* dated June 3, 2004; b) the *Stipulated Order between Debtors and IP Company LLC regarding the Debtors' Motion for Leave to File Amended Budgets and to Establish Hearing for Continuation of Cash Collateral*; and c) the entire record of proceedings in these Chapter 11 cases;

NOW THEREFORE, taking into consideration all of the foregoing, it is **HEREBY ORDERED AS FOLLOWS**:

1. The Debtors' Second Cash Collateral Motion is approved.

2. The objection of LJ Melody Company was withdrawn in open court as the parties reported an agreement in open court. In accordance with the parties' agreement, J Melody & Company ("LJ Melody"), as escrow agent under that certain Phase 1 Escrow Agreement dated February 22, 1993 (the "Phase 1 Escrow Agreement") and that certain Phase 1 Escrow Agreement dated February 22, 1993 (the "Phase 2 Escrow Agreement," and together with the Phase 1 Escrow Agreement the "Escrow Agreements") entered into by the Debtors and TIAA, and LJ Melody's sub-agent, GEMSA Loan Services, LP ("GEMSA," and together with LJ Melody the "Servicers"), shall (a) forthwith pay, pursuant to the Phase 1 Escrow Agreement, draw request #88, dated August 10, 2004, in the amount of $771,846.46; and (b) transfer by wire transfer to one or more accounts jointly designated by the Debtors and IP Company all funds it is holding as escrow agent under the Escrow Agreements (the "Escrow Funds"), including, without limitation the funds in Fidelity Funds accounts numbered 2BY-014567 and 2BY-014559 no later than five business days following receipt by the Servicers of such account designation from the Debtors and IP Company. The Servicers shall provide the Debtors and IP Company with an accounting of the Escrow Funds, including, without limitation, all receipts and disbursements from the Petition Date to the date of the transfer of the Escrow Funds to the Debtors and IP Company. Following the transfer of the Escrow Funds to the accounts designated by the Debtors and IP Company, the Servicers shall no longer act as Escrow Agent pursuant to the Escrow Agreements and shall have no further obligations as escrow agent or servicer in connection with the Debtors, other than providing the accounting required by this paragraph. In full and final

-2-

satisfaction of all pre and post-petition claims against the Debtors and their respective bankruptcy estates, including claims arising under the Escrow Agreements, the Debtors shall pay the sum of $20,500 (the "Servicers' Fee") to the Servicers. The Servicers are hereby authorized to deduct the Servicers' Fee from the Escrow Funds prior to transferring the balance of the Escrow Funds to the account designated by the Debtors and IP Company. Harold B. Murphy and Charles Dougherty shall be substituted, and shall jointly act, as the Escrow Agent under the terms of the Escrow Agreements, provided that sections 8(c)(5) through 8(c)(7) of the respective Escrow Agreements, inclusive, shall not apply during the pendency of these Bankruptcy Proceedings. Except as modified by the Bankruptcy Code, this Order (including the substitution of new parties as Escrow Agent) and/or any other order of this Court, the terms of the Escrow Agreements shall remain in full force and effect, subject to any rights, claims and defenses of the Debtors and IP Company under the Escrow Agreements and applicable bankruptcy and non-bankruptcy law. During the pendency of these Bankruptcy Proceedings, the procedure for withdrawal of funds under the Phase 1 Escrow Agreement shall be modified as follows:

   a. All Draw Requests shall be submitted to IP Company and the Committee.

   b. Upon receiving written approval of payment of a Draw Request from IP Company and the Committee, the Escrow Agent shall pay the Draw Request from the Escrow Funds.

   c. In the event approval of a Draw Request is not received within ten (10) days of its submission, the Debtors may request that the Bankruptcy Court hold a hearing with respect to the Draw Request. IP Company and the Committee consent to an expedited hearing with respect to any objection to Draw Request.

   d. All Draw Requests shall be transmitted to the respective Parties by facsimile or hand delivery, provided that any of the Parties may elect in writing to receive such documents by electronic mail. All

documents and/or objections referenced in this Agreement and shall be transmitted and/or filed so as to be received by 4:30 p.m. on the respective deadline.

3. With respect to the objection of IP Company, the parties agreed that the Debtors are to provide a reconciliation of their budgets with actual expenses by the fifteenth day of each month of cash collateral usage. Commencing on September 15, 2004 and on the 15th of each month thereafter, the Debtors shall provide to IP Company and Counsel to the Creditors Committee a variance report comparing the prior month actual revenues and expenditures to the Budget. The Court overruled the other objections of IP Company for the reasons stated on the record.

4. The Debtors are authorized to use the Cash Collateral during the Second Budget Period in accordance with the Budgets.

5. To the extent the Debtors seek to enter into any new leases during this Second Budget Period, the Debtors shall proceed in accordance with the Stipulated *Order between Debtors and I P Company LLC regarding the Debtors Motion for leave to file Amended Budgets and to Establish Hearing for Continuation of Cash Collateral* (the Stipulated Order) dated June 24, 2004. Any new leases entered into during the Second Budget Period, approved in accordance with the Stipulated Order, will result in the Budgets being automatically amended to allow for payment of leasing commissions and tenant improvements arising from such newly approved leases.

6. IP Company shall have a first priority perfected and enforceable replacement lien on the Cash Collateral, on the same post-petition property of the Debtors' estate against which IP Company had liens as of the Petition Date and to the same extent, priority and validity as such